**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Robert Charles, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 2:16-cv-3803-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| FJW Trucking, LLC and | ) | |
| ACW Logistics, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Defendants FJW Trucking, LLC and ACW Logistics, LLC's motion to transfer venue (ECF No. 11). FJW and ACW argue this case should proceed in this Court's Columbia Division. Plaintiff Robert Charles maintains the case should either remain in the Charleston Division or be transferred to the Beaufort Division.

"Any case may be transferred for case management or trial from one division to another division on motion of any party for good cause shown or *sua sponte* by the Court." Local Civ. Rule 3.01(C) (D.S.C.). The criteria for good cause are found in 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *See State Farm Fire & Cas. Co. v. Blanton*, No. 4:13-cv-2508-RBH, 2014 WL 7146980, at *2 (D.S.C. Dec. 15, 2014) (using § 1404(a) to decide motion to transfer under Local Rule 3.01(C)); *Odom v. Nw. Mut. Life Ins. Co.*, No. 2:13-cv-407-PMD, 2013 WL 1401608, at *1 (D.S.C. Apr. 8, 2013) (same).

Charles could have brought this case in either of the two proposed transferee divisions. The trucking collision giving rise to the case occurred in Sumter County, which is part of the Columbia Division, and FJW performs trucking operations from its facilities in Beaufort County, which—to state the obvious—is within the Beaufort Division. *See* Local Civ. Rule 3.01(A)(1) (D.S.C.). Thus, this Court must decide which division is the better home for the case.

After considering the record in light of the nine factors listed in *Blanton*, 2014 WL 7146980 at *2, the Court finds the Columbia Division to be the better fit. Columbia is presumably the more convenient option for Charles, who lives in Raeford, North Carolina. By insisting upon a transfer to Columbia, FJW and ACW apparently believe the Columbia Division is more convenient for them as well. In addition, a jury needing to view the collision site could travel there more quickly from the Columbia courthouse than from the Charleston courthouse.[1] Finally, the Court finds that the Charleston Division and Beaufort Divisions have no demonstrated substantial connection to this case and therefore Charles' preference for those divisions carries no weight. *See id.* at *2.

It is therefore **ORDERED** that FJW and ACW's motion is **GRANTED**. This case is hereby transferred to the Columbia Division for case management and trial.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**March 6, 2017**
**Charleston, South Carolina**

---
1. The federal courthouse in Beaufort is closed, so a trial of a Beaufort Division case would take place in Charleston.